UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

In re:                                                          Chapter 13

ANDREA COPELAND,                          Case No. 17-16090-BKC-LMI

      Debtor.
_____/

**SECURED CREDITOR TOWN PARK PLAZA NORTH CONDOMINIUM ASSOCIATION, INC.'S OBJECTION TO DEBTOR'S MOTION TO VALUE (D.E. 30)**

      COMES NOW Secured Creditor TOWN PARK PLAZA NORTH CONDOMINIUM ASSOCIATION, INC. (hereinafter referred to as the "ASSOCIATION"), by and through its undersigned attorney, and files this Objection to Debtor's Motion to Value and Determine Secured Status of Lien on real property (D.E. 30), and states:

      1.    The ASSOCIATION is condominium association organized pursuant to Chapter 718 of the Florida Statutes and is responsible for the maintenance, management, and operation of the condominium community in which Debtor's homestead real property (the property subject of the Motion to Value) is located.  The ASSOCIATION is a secured creditor by virtue of Florida Statute §718.116, as well as its Declaration of Condominium, its Claim of Lien, a Lis Pendens, and a Summary Final Judgment of Foreclosure, all of which are recorded in the Public Records of Miami-Dade County, Florida, against the subject real property.  The ASSOCIATION's lien interest encumbers the subject real property.

      2.    On May 30, 2017, the ASSOCIATION filed its Proof of Claim (Claim 2) indicating arrearages (due through May 15, 2017) and a secured claim amount of $43,782.16.

      3.    On July 12, 2017, Debtor filed her Motion to Value and Determine Secured Status of Lien of the ASSOCIATION (D.E. 30) claiming that, as of the filing of the bankruptcy, (i)

Ocwen Loan Servicing LLC (the first mortgage holder) holds a first mortgage in the amount of $73,005.44, and (ii) the value of the subject real property is $49,000.00.

4. The ASSOCIATION agrees that its interests are subject and inferior to the first mortgage encumbering the subject real property, and the ASSOCIATION does not contest the alleged amount of the first mortgage holder at the time of this proceeding's filing. Rather, the ASSOCIATION contests the value of $49,000.00 given to the subject property by Debtor.

5. In truth and fact, the subject property's fair market value at the time of the filing of this proceeding was (and remains), based upon the fair market, arms' length sales of comparable condominium units in the community, at or above $91,000.00. The basis for the valuation includes, not only the subject property, itself, but also the funds specifically allocated to the rehabilitation of the subject property—over $42,000.00 is allocated for the rehabilitation of the subject property (which is actually, currently ongoing), including completion of the restoration of the subject property's interior, the providing of appliances for the subject property, etc.

6. The ASSOCIATION would note that Debtor's valuation does not, in any way, take account of the funds allocated toward the subject property, and these funds are part of (and must be considered for) the subject property's valuation.

7. As a debtor may not value the collateral of a creditor and strip its lien interest where the lien interest is not fully unsecured, Debtor's Motion to Value (D.E. 30) must be denied.

8. Moreover, to allow the Debtor to strip the ASSOCIATION's lien of over $43,000.00, while allowing the Debtor to receive and retain the benefit of over $42,000.00 of pending upgrades to her condominium unit—paid by the ASSOCIATION—would allow the

Debtor to reap a huge windfall at the expense of all other unit owners in the ASSOCIATION's condominium community (whom have paid their share of the ASSOCIATION's common expenses).

9. The ASSOCIATION has agreed to pay its undersigned attorney a reasonable fee for its services and has incurred attorneys' fees and costs in contesting Debtor's Motion to Value, and the ASSOCIATION is entitled to reimbursement of those sums from Debtor.

WHEREFORE, Secured Creditor TOWN PARK PLAZA NORTH CONDOMINIUM ASSOCIATION, INC., requests that the Court enter an Order denying Debtor's Motion to Value and Determine Secured Status of the lien of the ASSOCIATION, awarding the ASSOCIATION its costs and attorneys' fees incurred with regard to this issue, and granting the ASSOCIATION such further relief as the Court deems just and proper.

CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

– CONTINUED ON NEXT PAGE –

CERTIFICATE OF SERVICE

I certify that a true copy of this Objection to Motion to Value was served this 31st day of July, 2017, as follows:

The following persons/entities were noticed via NEF:

Nancy K. Neidich, Trustee
Timothy S. Kingcade, Esq.

The following persons/entities were noticed via U.S. mail:

Andrea Copeland, 1940 N.W. 4th Court, #15, Miami, Florida 33136.

                                            /s/
                                      CHARLES F. OTTO, ESQ.
                                      Fla. Bar No. 55591
                                      E-mail: cfo@straleyottopa.com
                                      STRALEY | OTTO
                                      2699 Stirling Road, Suite C-207
                                      Fort Lauderdale, Florida 33312
                                      Telephone:  954/962-7367
                                      Facsimile:  954/962-7423
                                      Attorneys for the ASSOCIATION